UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 25-10254-JEK |
| | ) | |
| WHILO RECIO | ) | |

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

    The Defendant, Mr. Whilo Recio, by and through his counsel of record, Nicolas A. Gordon, Esq., respectfully submits this sentencing memorandum to assist the Court in fashioning a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Mr. Recio has accepted responsibility at an early stage, has a minimal criminal history, and presents as an appropriate candidate for a sentence at the low end of the advisory Guidelines, or a structured alternative permitted by the Guidelines.

    I.        Procedural History

    Mr. Recio was arrested in connection with this matter on or about May 15, 2025 and has been detained and held in custody at the Plymouth County House of Corrections throughout the pendency of this case which is a period of time exceeding seven months. On or About October 24, 2025, Mr. Recio plead guilty to the single charge of Distribution and Possession with Intent to Distribute Cocaine in violation of Title 21, USC Section 841(a)(1). The amount of cocaine is 28 grams.

    II.       Guidelines Calculation

    Mr. Recio is in agreement with the government that his total offense level should be 12 based on the starting level of 12, the addition of 2 because a firearm was involved and the subtraction of 2 because Mr. Recio is accepting responsibility for this offense. Mr. Recio agrees that any alleged criminal conduct above and beyond the 28 grams of cocaine that he has plead guilty to possessing and distributing should not be considered in calculating his offense level and echoes the government's assertion that the conduct referenced by Probation in reaching the offense level of 24 will be encompassed by the Maine indictment that is currently pending and, again should be excluded from the offense level calculation in the present case.

    Mr. Recio's criminal history score should be I as he has only 1 qualifying prior offense which was the Continued Without a Finding on Docket 1956CR000400 out of the Quincy

District Court for Possession to Distribute Fentanyl. Mr. Recio was acquitted of all but one indictment on or about July 26, 2024 in the Norfolk Superior Court. The one indictment that he was convicted of was for Negligent Operation of a Motor Vehicle and he was sentenced to 6 months of probation which he successfully completed. This charge is functionally equivalent to careless or reckless driving. There was no accident. Although Mr. Recio drove negligently at a time that the police were pursuing him, he was not indicted for failure to stop for the police; trial testimony revealed that whether he knew police were pursuing him was an issue in doubt; Mr. Recio was found Not Guilty of assault with a dangerous weapon which was indicted on the theory that he nearly struck a police officer while driving.

Probation has reported a score of II and has indicated that Mr. Recio was convicted of assault with a dangerous weapon but this is an error as he was acquitted. Attached herewith is the docket as well as the verdict slip for that indictment.

Accordingly, the advisory Guideline range is 10 to 16 months, placing this case in Zone C of the Sentencing Table.

### III.    The § 3553(a) Factors Support a Low-End or Alternative Sentence

Mr. Recio is in agreement with the government that a sentence at the low end of the guidelines is appropriate in this case. While the factual circumstances surrounding Mr. Recio's criminal conduct do include firearms, there is no indication that the conduct involved brandishing or otherwise using a firearm nor any violence or any intent to cause harm. The Guidelines already account for the firearm through the two-level enhancement, and no further increase in punishment is necessary to reflect the seriousness of the offense. Mr. Recio agrees with Probation's report outlining his relatively young age, strong family support and his status as a father of two small children that depend upon his care and support.

### IV.    Zone C Authorizes a Split Sentence

Because this case falls in Zone C, the Court may impose a sentence in which at least one-half of the minimum term is served in custody, with the remainder satisfied through home confinement or community confinement, pursuant to U.S.S.G. §5C1.1(d).

Such a sentence would:

- Reflect the seriousness of the offense;
- Provide meaningful punishment;
- Allow Mr. Recio to maintain community ties, employment, his responsibilities as a father and

- Reduce the collateral consequences of incarceration while still promoting respect for the law.

V.    Conclusion

For the foregoing reasons, Mr. Recio respectfully requests that the Court impose a sentence at the low end of the advisory Guidelines, or alternatively, a Zone C split sentence, which is sufficient but not greater than necessary to achieve the goals of sentencing under §3553(a).

Respectfully Submitted
For the Defendant,
By his Attorney

_____*N. Gordon*_____
Nicolas A. Gordon
300 N. Main Street
Mansfield, MA 02048
BBO #657 987

December 10, 2025

**CERTIFICATE OF SERVICE**

I, Nicolas A. Gordon, do hereby certify that on December 18, 2025, I served a copy of the foregoing on all registered parties by electronic filing on ECF

_____
Nicolas A. Gordon, Esq.